J-S41038-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK L. COOK, | : | |
| | : | |
| Appellant | : | No. 427 MDA 2019 |

Appeal from the PCRA Order Entered February 21, 2019
in the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000517-2012

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK L. COOK, | : | |
| | : | |
| Appellant | : | No. 428 MDA 2019 |

Appeal from the PCRA Order Entered February 21, 2019
in the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000087-2013

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 29, 2020**

Patrick L. Cook (Appellant) *pro se* appeals from the February 21, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

A prior panel of this Court summarized the factual and procedural history as follows.

*Retired Senior Judge assigned to the Superior Court.

On November 13, 2013, following a jury trial at which Appellant proceeded *pro se*, but with the assistance of standby counsel, Appellant was convicted of aggravated indecent assault, indecent assault, and corruption of minors. The offenses were perpetrated between November 2004 and September 2007, and involved two females who were less than thirteen years of age. Another offense occurred in July 2010, and involved one of the earlier victims.

Appellant appeared *pro se* at sentencing, but again had the benefit of standby counsel. The trial court imposed an aggregate sentence of eleven to twenty-two years [of] imprisonment based on the application of two five[-]to-[-]ten year mandatory minimum sentences for aggravated indecent assault on a child less than thirteen years old. Appellant, who had been determined to be a sexually violent predator, was also advised of the lifetime reporting requirements and what that entailed.

Following pronouncement of sentence, the court advised Appellant of his post-sentence and appeal rights. Specifically, Appellant was told that he had the right to file a written post-sentence motion within ten days stating the particular relief sought. The court also advised Appellant that he had "the same right to assigned counsel as has existed through sentencing." If he chose not to file a post-sentence motion, the court explained that he had the option to appeal to the Superior Court within thirty days. Appellant was provided with a written acknowledgement of post-sentence procedures. Appellant informed the trial court on the record that he wanted a transcript of the proceedings and he was advised to put that in writing either in his post-sentence motion or in his appeal.

Appellant did not file a [post-sentence motion or] direct appeal from [the] judgment of sentence. Rather, on February 23, 2015, he filed a timely *pro se* PCRA petition. The court appointed counsel to represent him, and counsel filed an amended petition on May 7, 2015 on Appellant's behalf. Appellant asserted that the court's failure to conduct a waiver-of-counsel colloquy pursuant to Pa.R.Crim.P. 121 and its denial of his request to permit standby counsel to assume representation during the trial resulted in the violation of his federal and state constitutional right[s] to counsel and so

- 2 -

undermined the truth[-]determining process that no reliable adjudication of guilt or innocence could have taken place. Finally, Appellant maintained that although his waiver of right to counsel was voluntary, it was neither knowing nor intelligent, and that his performance at trial was so ineffective as to deprive him of a defense.

The court scheduled a hearing on the amended petition. By order dated July 31, 2015, Matthew M. McClenahen, Esquire, was granted leave to withdraw as counsel[2] and on August 6, 2015, attorney Steven P. Trialonas was appointed as counsel. Counsel filed a second amended PCRA petition on October 27, 2015, in which he averred that prior counsel had presented the only issues of merit. Following an evidentiary hearing on December 11, 2015, and the submission of briefs, the PCRA court denied relief on February 4, 2016.

_____

[2] The trial court represents that Attorney McClenahen sought withdrawal due to threats made by Appellant.

*Commonwealth v. Cook*, 159 A.3d 58 (Pa. Super. 2016) (unpublished memorandum at 1-4) (footnote and citations omitted).

Upon appeal from denial of his PCRA petition, this Court denied Appellant relief on his counsel-related issues, both because Appellant waived the claims by failing to pursue them in a direct appeal, and because it found no merit to them in any event. However, [in light of *Alleyne v. United States*, 570 U.S. 99 (2013),[1]] this Court *sua sponte* vacated his judgment of sentence, which included two unconstitutional mandatory minimum sentences, and remanded for resentencing.

Pursuant to this Court's directive, the trial court resentenced Appellant on February 2, 2017, without consideration of the mandatory minimum statutes, and imposed an aggregate

_____

[1] In *Alleyne*, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of that crime, and therefore must be submitted to the trier of fact and proven beyond a reasonable doubt.

>   sentence of ten to 20 years of imprisonment. Appellant did not file a post-sentence motion.

***Commonwealth v. Cook***, 175 A.3d 345, 347 (Pa. Super. 2017) (citations omitted). On appeal, this Court affirmed Appellant's new judgment of sentence and granted counsel's petition to withdraw. ***Id.*** at 351. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On January 28, 2019, Appellant *pro se* filed the instant PCRA petition. Appellant asserted his petition was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).[2] PCRA Petition, 1/28/2019, at 7. Appellant did not state upon what newly-discovered fact he was relying, nor otherwise elaborate on how this exception had been satisfied. On January 30, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907, because it was untimely filed.[3] The PCRA Court dismissed Appellant's PCRA petition on February 21, 2019.

This appeal followed.[4] On March 11, 2019, Appellant *pro se* filed two identical notices of appeal, each listing both docket numbers. The notices of

---

[2] This subsection provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

[3] Appellant filed a response after the PCRA petition was dismissed. ***See*** Objection to Intent to Dismiss, 2/25/2019.

[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In lieu of an opinion, the PCRA court referred this Court to its January 30, 2019
*(Footnote Continued Next Page)*

- 4 -

appeal were docketed in this Court separately and subsequently consolidated by this Court *sua sponte*.  On March 27, 2019, this Court *sua sponte* ordered the PCRA court to determine whether Appellant wished to proceed *pro se* on appeal.  Following a hearing on April 16, 2019, the PCRA court found that Appellant knowingly, intelligently, and voluntarily waived his right to counsel and desired to proceed *pro se*.  On April 30, 2019, this Court issued an order directing Appellant to show cause why his appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[5] Appellant did not file a response.  On May 21, 2019, this Court discharged the rule to show cause and referred the issue to the merits panel for disposition.  Thus, we must first address whether Appellant has complied with the dictates of **Walker**.

The Official Note to Rule 341, as amended in 2013, provides as follows.

> Where ... one or more orders resolves [*sic*] issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for

*(Footnote Continued)* ─────────────────

opinion, as well as **Commonwealth v. Cook**, 159 A.3d 58 (unpublished memorandum).  Order, 4/16/2019.

[5] In **Walker**, our Supreme Court held that notices of appeal filed after June 1, 2018 must be quashed if the appellant fails to file separate notices of appeal from a single order resolving issues arising on more than one lower court docket.  185 A.3d at 977.

consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Note.

> In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977.

***Commonwealth v. Williams***, 206 A.3d 573, 575 (Pa. Super. 2019).

However, because intermediate appellate courts had seldom quashed appeals as a result of violating the Note to Rule 341, the ***Walker*** Court held that its ruling would only apply prospectively to notices of appeal filed after June 1, 2018. Thus,

> the ***Walker*** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.*** [at 977] (emphasis added).

***Williams***, 206 A.3d at 575-76.

Appellant's notices of appeal were filed after June 1, 2018, and therefore must comply with Rule 341 and ***Walker***. Here, Appellant filed two notices of appeal from two lower court docket numbers, listing both docket numbers on each notice of appeal. The notice of appeal docketed at 427 MDA 2019 is a photocopy of Appellant's original notice of appeal, which was

docketed at 428 MDA 2019. Although one notice of appeal is a photocopy of the other, the two notices of appeal bear independent, original time stamps.

While Appellant's two consolidated appeals were pending, an *en banc* panel of this Court concluded that **Walker** does not require that a notice of appeal contain only one docket number.

> Importantly, we observe that Rule 341 and **Walker** make no mention of case numbers on a notice of appeal. To be sure, the error in **Walker** was the filing of a **single** notice of appeal affecting multiple cases and several defendants. The bright-line rule set forth in **Walker** only required an appellant to file a **"separate"** notice of appeal for each lower court docket the appellant was challenging.
>
> Here, it is indisputable that Johnson filed a separate notice of appeal for each of the four dockets below, because he italicized only one case number on each notice of appeal. Unlike [**Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019)], the clerk of courts played no role in typing four separate notices of appeal and italicizing the individual docket numbers on Johnson's behalf. Based on our review of **Walker** and Rule 341, Johnson filed separate notices that perfected four appeals from each of the four common pleas court dockets. The fact that the notices contained all four lower court numbers is of no consequence. Indeed, the Rules of Appellate Procedure are to be liberally construed to effectuate justice. Pa.R.A.P. 105(a); **see also** 1 Pa.C.S.[] § 1928(c). We should not invalidate an otherwise timely appeal based on the inclusion of multiple docket numbers, a practice that the Rules themselves do not expressly forbid.
>
> By stating that each notice of appeal may contain only one number, **Creese** imposed upon appellants an additional requirement found in neither **Walker** nor Rule 341. Although our Supreme Court may adopt such a rule in the future, it did not do so in **Walker**. As such, in so far as **Creese** stated "a notice of appeal may contain **only one** docket number," 216 A.3d at 1144 (emphasis added), that pronouncement is overruled. Because Johnson appealed from four docket numbers and filed four

notices of appeal, Johson has complied with **Walker**. The fact that each notice of appeal listed all four docket numbers does not invalidate his notices of appeal, and we decline to quash his appeals.

**Commonwealth v. Johnson**, ___ A.3d ___, 2020 Pa. Super. 164 at *11-12 (Pa. Super. 2020) (footnotes omitted).

Like Johnson, Appellant filed separate notices of appeal for each docket number. The facts that Appellant included both docket numbers on each notice of appeal and the underlying notices were photocopies of each other are of no consequence. Appellant filed the notices of appeal independently, as evidenced by the distinct time stamps. Thus, Appellant has complied with Rule 341 and **Walker** by filing a notice of appeal for each docket number, and quashal is not required here. **See Johnson, supra**.

We may now review Appellant's consolidated appeal. Appellant presents two claims for this Court's consideration.

1. Did the original [PCRA] court err in denying the [PCRA] petition without a hearing by misapprehending the retrospective application in **Commonwealth v. Hopkins**, 117 A.3d 247 ([Pa.] 2015)[,] when it's [*sic*] paradigm, **Alleyne**[,] created a "substantive rule," which "the Constitution requires state collateral review courts to give retroactive effect to that rule?"

2. Do standby counsel's inappropriate actions constitute *per se* ineffectiveness, pursuant to **U.S. v. Cronic**, 466 U.S. 648 (1984)[, ] when [Appellant] requested that counsel file a reconsideration of sentence, counsel assured said action would be completed, yet said reconsideration was never filed?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Before reaching the merits of Appellant's claims, we must determine whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Pertinent to this appeal,

> a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.

***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (citation omitted).

Here, Appellant was sentenced originally on February 28, 2014. Appellant did not file a post-sentence motion or notice of appeal. Therefore,

his judgment of sentence became final on March 31, 2014, following the expiration of time for filing a notice of appeal.[6] Appellant timely filed a PCRA petition, which the PCRA court dismissed. On appeal, this Court denied Appellant's counsel-based claims, but *sua sponte* vacated his sentence and remanded for resentencing pursuant to **Alleyne**.

Thus, following Appellant's first PCRA petition, his direct appeal rights were not reinstated, nor were his convictions disturbed. Rather, the relief he received from this Court on appeal from the dismissal of his PCRA conviction affected his sentence only. Therefore, his new judgment of sentence did not reset the clock "for the calculation of the finality of the judgment of sentence for purposes of the PCRA." **McKeever**, 947 A.2d at 785. As such, Appellant's January 28, 2019 petition constituted a serial petition, and Appellant had until March 31, 2015, to file timely a PCRA petition. Appellant's January 28, 2019 PCRA petition was patently untimely, and Appellant was required to plead and prove an exception to the PCRA's time-bar.

In his petition, Appellant attempted to invoke the newly-discovered facts exception to the PCRA's time-bar. To qualify for this exception, "a petitioner need only establish that the facts upon which the claim is based

---

[6] **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, … such day shall be omitted from the computation.").

were unknown to him and could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (some citations omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Appellant did not state in his petition what newly-discovered fact he was referencing, or when he learned of the alleged newly-discovered fact. Accordingly, Appellant has failed to establish this exception. Based on the foregoing, we conclude that Appellant's PCRA petition was filed untimely, and he has not asserted a valid exception to the timeliness requirements. Thus, he is not entitled to relief. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/29/2020

- 11 -